

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 17, 2007

The Honorable Dan W. Heard
Calhoun County Criminal District Attorney
Post Office Box 1001
Port Lavaca, Texas 77979

Opinion No. GA-0539

Re: Whether the Calhoun County Navigation District may enact a tax limitation under article VIII, section 1-b(h) of the Texas Constitution (RQ-0544-GA)

Dear Mr. Heard:

You ask whether the Calhoun County Navigation District (the "District") may enact a tax limitation under article VIII, section 1-b(h) of the Texas Constitution.[1]

Generally, the Texas Constitution requires that taxation be "equal and uniform," and that property be "taxed in proportion to its value." TEX. CONST. art. VIII, § 1(a)–(b). Article VIII, section 1-b(h) of the Texas Constitution, however, authorizes certain governmental entities that impose an ad valorem tax to limit increases of the total amount of the tax on the homesteads of persons with disabilities or persons sixty-five years of age or older. *See id.* art. VIII, § 1-b(h). The limitation under that section is known colloquially as a "tax freeze."[2] You relate that the District has considered adopting a resolution to establish a tax freeze for property taxed by the District. Brief, *supra* note 1, at 1.

Courts interpreting the state constitution "rely heavily on its literal text and must give effect to its plain language." *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 344 (Tex. 2001). By its terms, article VIII, section 1-b(h) grants authority to establish a tax freeze only to "a county, a city or town, or a junior college district." *See* TEX. CONST. art. VIII, § 1-b(h). The District was created under article XVI, section 59 of the Texas Constitution concerning conservation and reclamation districts. *See id.* art. XVI, § 59; Act of May 5, 1953, 53d Leg., R.S., ch. 195, §§ 1–3, 1953 Tex. Gen. Laws 535, 535–39 (establishing Calhoun County Navigation District with taxing authority). A navigation district is not a county, city or town, or junior college district under the constitution.

---

[1]*See* Letter and Brief from Honorable Dan W. Heard, Calhoun County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas (Oct. 17, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter and Brief, respectively].

[2]*See generally* Tex. Att'y Gen. Op. Nos. GA-0363 (2005), GA-0269 (2004), GA-0222 (2004).

*See* TEX. CONST. art. VII, § 3-b (independent school districts and junior college districts); *id.* art. IX, § 1 (counties); *id.* art. XI, § 4 (general law cities and towns); *id.* art. XI, § 5 (home-rule cities). Consequently, article VIII, section 1-b(h) of the Texas Constitution does not authorize a navigation district to adopt a property tax freeze under that section for persons with disabilities or persons sixty-five years of age or older.

## **S U M M A R Y**

Article VIII, section 1-b(h) of the Texas Constitution does not authorize a navigation district to adopt a property tax freeze under that section for persons with disabilities or persons sixty-five years of age or older.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee